

FILED

JUL 15 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

Mohammad Haider Agha Hasan
2322 Haste St Apt 19
Berkeley CA 94704
Email: haiderhasan1111@gmail.com
Phone: 510-529-1984

July 15, 2019

**<u>Complaint, Prayer for Relief, Motion for Judicial Notice, Demand for Jury Trial</u>**

Plaintiff:
Mohammad Haider Agha Hasan

Defendant:
Judge Jeffrey S. White in his
official capacity as judicial officer

US District Court, Northern California
Ronald V. Dellums Federal Building
1301 Clay Street
Oakland, CA 94612

C19-4036   WHO

Each justice or judge of the United States
shall take the following oath or affirmation before performing the duties of his office:
"I, ___ ___, do solemnly swear (or affirm)
that I will administer justice without respect to persons,
and do equal right to the poor and to the rich,
and that I will faithfully and impartially discharge and perform
all the duties incumbent upon me as ___
under the Constitution and laws of the United States.
So help me God."
--28 USC Section 453

We do not perceive how holding an office under a State,
and claiming to act for the State,
can relieve the holder from obligation to obey the Constitution of the United States,
or take away the power of Congress to punish his disobedience.
**<u>Ex Parte Virginia, 100 US 339 (1880)</u>**

The effect of the Court's "balancing" here is that
any State may now reject an applicant for admission to the Bar
if he believes in the Declaration of Independence as strongly as Anastaplo
and if he is willing to sacrifice his career
and his means of livelihood
in defense of the freedoms of the First Amendment.
--Dissent of Justice Hugo Black, with whom Chief Justice Earl Warren,
Justice William Douglas, and Justice William Brennan concur,
**<u>In re Anastaplo, 366 US 82 (1961)</u>**

## Table of Contents

| | |
|---|---|
| Declaration | 3 |
| Basis for Consideration | 3 |
| Parties | 3 |
| Statement of Jurisdiction | 4 |
| Statement of Venue | 4 |
| Statement of the Facts | 5 |
| Motion for Judicial Notice | 8 |
| Causes of Action | 9 |
| Demand for Jury Trial | 10 |
| Prayer for Relief | 10 |

**Declaration**

Under the laws of the United States of America, Mr. Hasan declares under penalty of perjury that this suit is being made in good faith and that he believes he has meritorious claims against the Defendant, Judge White. Mr. Hasan is not filing this suit as a bad faith litigation tactic against Judge White who is the judicial officer presiding over his other cases currently before this court: Hasan v. California and In re Hasan.

**Basis for Consideration**

Mr. Hasan has the right to file suit against Judge White pursuant to the First Amendment right of access to the courts to petition for redress of grievances and the Fifth Amendment Due Process right to be heard. Should Judge White as Defendant or the court itself move to dismiss citing judicial immunity, Mr. Hasan has the Due Process right to be heard by filing responsive pleadings before a ruling is made. There is no positive law requiring Mr. Hasan to explain his legal theory for overcoming a "possible" defensive claim of judicial immunity (or any other defensive claim) in his complaint, here.

**Parties**

1. Defendant Judge Jeffrey Steven White is an Article III judicial officer of the US Court for the District of Northern California. He was nominated by President George W. Bush on July 25, 2002, confirmed by the Senate on November 14,

2002, and received commission on November 15, 2002. He is also a monetarily compensated employee of the University of California, the principal defendant party in the suit Hasan v. California currently before this court.

2. Plaintiff Mohammad Haider Agha Hasan is a resident of the city of Berkeley, in the county of Alameda, of the state of California. He is plaintiff in the suits Hasan v. California and In re Hasan, currently before this court.

**Statement of Jurisdiction**

1. Pursuant to 28 USC Section 1331, the District Court has jurisdiction as this suit brings a "civil [action] arising under the Constitution, laws, or treaties of the United States."

2. This civil action does not contain a prayer to overturn any judicial decisions made by Judge White, so it cannot reasonably be considered a "direct appeal" that should be filed in the 9th Circuit Court of Appeals rather than in the District Court pursuant to 28 USC Sections 1291 and 1292.

**Statement of Venue**

Pursuant to 28 USC 1391(b)(2), the District of Northern California is a lawful venue as "a substantial part of the events or omissions giving rise to the claim occurred" here.

## Statement of the Facts

1. Judge White has received and continues to receive monetary compensation for services he renders to the University of California.

2. Judge White is the presiding judicial officer for the cases "In re Hasan" (Docket #4:18-cv-05806-JSW) and "Hasan v. California" (Docket #4:18-mc-80163-JSW). Mr. Hasan is Plaintiff in both cases.

3. Mr. Hasan filed a motion for leave to file a complaint under seal and it was granted. (Dkt. No. 17 and 18, In re Hasan)

4. Mr. Hasan emailed a complaint to Ms. Jennifer Ottolini and Ms. Cynthia Lenahan, who are court staff to Judge White, using the email addresses listed on Judge White's webpage.

5. In that complaint, Mr. Hasan complained of unlawful behavior by the University of California.

6. Mr. Hasan motioned for judicial disqualification of Judge White, citing 28 USC 455 and his financial interest in the University of California. (Dkt. No. 12, September 27, 2018) and it was unlawfully denied (Dkt. No. 20, In re Hasan, June 19, 2019).

7. Judge White denied (Dkt. No 23) Mr. Hasan's motion (Dkt. No 21) for various forms of declaratory relief, all regarding his First Amendment right to file a complaint with the court.

8. Judge White denied (Dkt. No 28) Mr. Hasan's motion (Dkt. No 24) for relief from an order in which Mr. Hasan provided case law supporting a finding that his emailed complaint constituted a lawful filing.

9. Judge White has stated in a court order (Dkt No. 28, In re Hasan) that "At this third and final time, the Court again instructs Plaintiff to file a complaint in compliance with Northern District Local Rule 5-1(d)(1) by no later than **July 12, 2019**. The filing of a complaint under seal requires the filing of an administrative motion to file under seal with the complaint attached thereto. Failure to file a complaint by **July 12, 2019** shall result in dismissal of this case without prejudice."

10. Judge White took judicial notice of the fact that, "This court's Electronic Case Filing (ECF) System does not allow self-represented litigants to make filings under seal."

11. Judge White granted Mr. Hasan's motion to file his complaint under seal. (Dkt. No. 18, In re Hasan)

12. Due to the ECF System's technical limitations preventing self-represented litigants to make filings under seal, Mr. Hasan emailed a copy of his complaint to Ms. Jennifer Ottolini and Ms. Cynthia Lenahan, who are court staff to Judge White, using the email addresses listed on Judge White's webpage.

13. Judge White stated in a court order (Dkt. No. 23, In re Hasan) that "Sending a copy of a complaint by electronic mail to this Court's deputy does not qualify as proper filing."

14. Mr. Hasan submitted additional motions for judicial disqualification, citing 28 USC 455. (Dkt. No. 25 and 27) that have not been ruled on as of July 14, 2019.

15. Judge White "received and considered" but did not lawfully dispose of the additional motions for judicial disqualification as of today's date, July 15, 2019. (Dkt. No. 28)

16. The court order (Dkt. No. 20) signed by Judge White incorrectly describes Mr. Hasan's motion (Dkt. No. 19) as a motion to seal the case.

17. Mr. Hasan lawfully filed two motions for leave to proceed in forma pauperis (Dkt. No. 1 and 10, In re Hasan), on September 21, 2018 and September 25, 2018 respectively.

18. As of July 14, 2019, Judge White has not ruled on the motions for leave to proceed in forma pauperis

19. As of July 14, 2019, Judge White has not ruled on Mr. Hasan's motion for continuance (Dkt. No. 26)

20. Judge White's record of delayed rulings to date in In re Hasan is as follows:

   a. First Motion for Leave to Proceed in Forma Pauperis, filed September 21, 2018, **No ruling to date** (Nine months and counting)

   b. Second Motion for Leave to Proceed in Forma Pauperis, filed September 25, 2018, **No ruling to date** (Nine months later and counting)

   c. Motion for Judicial Disqualification, filed September 27, 2018, denied June 19, 2019 (Eight months later)

d. **Emergency** Motion to Transfer Case, filed October 1, 2018, denied June 19, 2019 **(Eight months later)**

e. **Emergency** Motion to File Sealed Complaint via Email, filed October 2, 2018, denied June 19, 2019 **(Eight months later after being incorrectly described as a motion to seal the whole case)**

f. **Emergency** Motion for Relief from an Order (Reconsideration), filed June 24, 2019, **Denied July 10, 2019**

g. **Emergency** Motion for Declaratory Relief, filed July 5, 2019 at 5:24am, **No ruling to date**

h. **Emergency** Motion for Judicial Disqualification, filed July 5, 2019 at 5:24am, **No ruling to date**

i. **Emergency** Motion for Transfer, filed July 5, 2019 at 5:24am, **No ruling to date**

j. **Emergency** Motion for continuance (Dkt. No. 26), **No ruling to date**

**Motion for Judicial Notice**

To support his factual allegations above, Mr. Hasan moves for judicial notice of the above facts (2)-(20) and asks the court to consider its own dockets for the named cases, pursuant to Federal Rule of Evidence 201.

**Causes of Action**

1. First Amendment Right of Access to the Courts to Petition for Redress of Grievances
   a. Facts 4, 7-13, 15, 17, 18
2. Fifth Amendment Right to be Heard Pursuant to Due Process
   a. Facts 11-13, 14
3. Fifth Amendment Right to Lawful Disposition of Submitted Matters Over Which the Court Has Assumed Jurisdiction
   a. Fact 11, 14, 15, 20
4. Fifth Amendment Right to a Fair and Impartial Tribunal
   a. Fact 1, 4, 5, 6, 20
5. Statutory Right to a Fair and Impartial Tribunal (28 USC Section 455)
   a. Fact 1,2, 4, 5, 6, 20
6. Common Law Right to a Fair and Impartial Tribunal
   a. Fact 1, 2, 4, 5, 6, 20
7. Common Law Right to Proceed in Forma Pauperis
   a. Fact 20
8. Fourteenth Amendment Equal Protection as an Indigent Litigant
   a. Facts 11-14
9. Negligence, California Civil Code Section 1714
   a. Facts 16, 19, 20
10. 42 USC 1983 - Civil Action for Deprivation of Rights

     a.  Facts 1-20

**Demand for Jury Trial**

Mr. Hasan asserts his Seventh Amendment right to a jury trial.

**Prayer for Relief**

Mr. Hasan prays to the United States Court for the District of Northern California for relief in the form of:

    1.  Monetary damages in the amount of $10 million

    2.  Any other relief the court finds to be lawful and just

Dated 15th of July, 2019.

Respectfully submitted,

Mohammad Haider Agha Hasan

2322 Haste St Apt 19

Berkeley CA 94704

Email: haiderhasan1111@gmail.com

Phone: 510-529-1984